IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVEN RIDDLE, #47107**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 2:06cv185KS-JMR**

**BILLY MCGEE AND MICHAEL RIELS**  **DEFENDANTS**

## OPINION AND ORDER

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal. Plaintiff Steven Riddle, is an inmate incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, who has filed this complaint pursuant to 42 U.S.C. § 1983. Billy McGee, Sheriff of Forrest County, Mississippi, and Michael Riels, an investigator, are named as defendants in this action. The plaintiff seeks as relief monetary damages or the return of his property.

### Background

The plaintiff states that the defendants have either lost or stolen his property. According to the complaint, the plaintiff's family has contacted the Sheriff's Department concerning the whereabouts of the property. However, the Sheriff's Department has refused to provide any information concerning the property. Even though it has been a year since the property was confiscated, the plaintiff contends that he does not know what happened to his property.

### Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings <u>in forma pauperis</u> and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that a complaint filed pursuant to 42 U.S.C. § 1983 is not cognizable absent the defendant's depriving the plaintiff of some right secured to the plaintiff by the Constitution or the laws of the United States. See Baker v. McCollan, 443 U.S. 137, 140 (1979) (first inquiry in any section 1983 suit is whether the defendant has deprived the plaintiff of a right secured by the Constitution).

It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517 (1984). This holds equally true for claims of negligent deprivation. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). State law may provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Marshall v. Norwood, 741 F.2d 761, 763 (5th Cir. 1984).

The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery under MISSISSIPPI CODE ANNOTATED § 11-38-1 to -9 (1972), as amended, and replevin under MISSISSIPPI CODE ANNOTATED § 11-37-101 to -157 (1972), as amended, any of which plaintiff can use to recover the property he insists was wrongfully taken from him. Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." Nickens v. Melton, 38 F.3d 183, 185 (5th Cir. 1994). Since the state of Mississippi affords plaintiff an adequate post deprivation remedy for the alleged

deprivation of his property, no constitutional due process violation exists. Therefore, plaintiff has failed to state a violation of a constitutional right as required to maintain this action pursuant to 42 U.S.C. § 1983.

## Conclusion

As discussed above, the plaintiff has failed to present an arguable constitutional claim against these defendants. Therefore, this case will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(ii), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike". See 28 U.S.C. § 1915(g). If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

This the 9th day of August, 2006.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE